**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **W.L. DOGGETT, L.L.C., D/B/A** | * | **CIVIL ACTION NO. 08-1294** |
| **DOGGETT MACHINERY SERVICES, L.L.C.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | **SECTION "S"** |
| | * | |
| **UNITED STEEL SUPPLY, INC.,** | * | **JUDGE LEMMON** |
| | * | |
| **Defendant.** | * | **MAGISTRATE KNOWLES** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**</u>

**MAY IT PLEASE THE COURT:**

**I.      INTRODUCTION**

W.L. Doggett, LLC d/b/a Doggett Machinery Services, LLC ("Doggett") is a heavy equipment dealer and provider of general mechanical support services.  On or about September 23, 2007, Doggett purchased all accounts receivables and inventory of Norwell Equipment Company d/b/a Nortrax Equipment Company South ("Nortrax").[1]  Doggett brought the instant action to enforce several of the debts owed by United Steel Supply, Inc. ("United Steel").

As discussed in greater detail below, there is no question of fact that United Steel ordered a specialized John Deere excavator at a cost of $350,229.50 from Nortrax and then failed to provide payment for it, thereby causing damages in the amount of Ninety-Eight Thousand Nine Hundred Fifty Dollars and Eighty-Five Cents ($98,950.85) for expenses, lost profits, delay and storage and maintenance costs.  Additionally, there is no question of fact that United Steel has failed to pay numerous invoices due on open account totaling Fifty-Nine Thousand, Four Dollars

---

[1]  See Exhibit 1, Affidavit of Amanda Nealy at paragraph 3.

and Twenty-Eight Cents ($59,004.28) for various services performed and goods sold to it by

Nortrax from June 22, 2007 to July 27, 2007.

To date, United Steel has failed to pay the sums due, thus resulting in this lawsuit.

United Steel has filed a general denial answer.  Based upon the facts and the law, United Steel is

liable for the full sums due, totaling One Hundred Fifty-Seven Thousand Nine Hundred Fifty-

Five Dollars and Thirteen Cents ($157,955.13), plus interest and attorney's fees.  As such,

summary judgment is appropriate and should be granted because the matter is lacking a genuine

issue of material fact.

## II.      LAW AND ARGUMENT

### A.      Standard for summary judgment.

The summary judgment procedure is designed to secure the just, speedy and inexpensive

determination of every action.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986).  Summary judgment shall be granted in favor of the movant if the pleadings,

the discovery and disclosure materials on file, and any affidavits show that there is no genuine

issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(c) (2008).  Summary judgment is proper if the party moving for such a judgment

establishes that there is an absence of genuine issues of material facts.  See Fed. R. Civ. P. 56(c)

(2008) and *Brock v. Chevron U.S.A., Inc.*, 976 F.2d 969, 970 (5th Cir. 1992).  Moreover, once a

properly supported motion for summary judgment has been made, the nonmoving party may not

rest upon the mere allegations of denial in its pleadings, but must instead set forth *specific facts*

showing that there is a genuine issue for trial.  *Securities & Exchange Commission v. Recile*, 10

F.3d 1093, 1097 (5th Cir. 1993).  Where the nonmoving party fails to make such a showing and

the moving party has met its summary judgment burden, the latter is entitled to summary

judgment as a matter of law.  *Brock v. Chevron U.S.A., Inc.*, 976 F.2d 969, 970-71 (5th Cir. 1992).

      **B.**    **United Steel has failed to perform its obligations.**

Louisiana Civil Code article 1994 states:

> An obligor is liable for the damages caused by his failure to perform a conventional obligation.
>
> A failure to perform results from nonperformance, defective performance, or delay in performance.

Moreover, Louisiana Civil Code article 1995 states that, "[d]amages are measured by the loss sustained by the obligee and the profit of which he has been deprived."

In the instant case, United Steel and Nortrax entered into several bilateral contracts whereby Nortrax was to provide goods and/or services to United Steel in exchange for payment. In failing to provide payment for the goods and services provided by Doggett, United Steel has failed to perform its obligations.  Specifically, as discussed in further detail below, Untied Steel failed to perform in accordance with purchase order no. USS LA-07-194 and various invoices for services performed and goods provided by Doggett from June 22, 2007 through July 27, 2007. Therefore, United Steel is liable for the damages sustained by Doggett as a result of its failure to perform.  Said damages amount to a total of  $157,955.13.

      **1.**    **The 2007 John Deere 350D Excavator.**

On or about May 15, 2007, United Steel presented purchase order number USS LA-07-194 to Nortrax for the purchase of a specialized excavator, namely, a 2007 John Deere 350D Excavator with a 68" Aluminum Wound, for $350,229.50.[2] The purchase order included the cost

---

[2] See Exhibit 2, Affidavit of Richard L. Logan and a copy of  Purchase Order USS LA-070-194 attached thereto as Exhibit A.

of modifying the excavator in accordance with specifications identified by United Steel.[3] Nortrax accepted the Purchase Order and modified the 2007 John Deere 350D Excavator to United Steel's specification.[4] The modifications requested by United Steel required the special-ordering and attachment of a Winkle EDSA magnet with chain and a Dynaset 20KW generator with custom installation brackets to the excavator.[5] Nortrax incurred costs of $47,546.10 to purchase and install these specialized attachments.[6]

Upon completion of the modifications, Nortrax advised United Steel that the excavator was ready for delivery and asked for payment.  United Steel never provided payment; therefore, the  excavator was never delivered.[7]

The addition of the highly specialized parts to the excavator made it a unique piece of equipment specifically designed by Untied Steel for its exclusive use and not saleable to other entities.[8] Therefore, in order to mitigate its damages, Doggett has now removed the specialized attachments from the excavator, at a cost of $264.75, in order to return the excavator to a more saleable condition.[9] However, despite its best efforts, Doggett has been unable to sell the excavator, which is now considered a late-model and therefore less valuable, nor has it been able to sell the highly specialized parts.[10] Doggett has sustained a profit loss of $40,500.00 on this specialized excavator.[11]

---

[3] See Exhibit 2, Affidavit of Richard L. Logan at paragraph 4.
[4] *Id*. at paragraph 5.
[5] *Id*. at paragraph 6.
[6] *Id*. at paragraphs 7 and 8 and a copy of Nortrax's purchase orders for the specialized parts attached thereto as Exhibits B and C.
[7] *Id*. at paragraphs 9 and 10.
[8] *Id*. at paragraphs 11 and 12.
[9] *Id*. at paragraph 13 and a copy of Doggett internal invoices attached thereto as Exhibit D.
[10] *Id*. at paragraph 14.
[11] *Id*. at paragraph 15.

Additionally, Doggett has incurred costs for storing and maintaining the excavator and the specialized parts at its yard in Kenner, Louisiana, at a cost of approximately $35.00 per day. Cost for storage through May 9, 2008 is $10,640..00.[12]

Due to Untied Steel's failure to fulfill its obligation and pay for the specialized excavator it ordered, Doggett has suffered damages in the form of expenses, lost profits, delay, and storage and maintenance costs in the amount of $98,950.85.  Attached hereto as Exhibit 2 is the affidavit of Richard L. Logan, the General Manager of Doggett's Kenner location, which confirms the damages incurred by Doggett.

United Steel has generally denied the existence of the debt.  However, there is no genuine question of fact that United Steel ordered a specialized 2007 John Deere 350D Excavator and then never paid for it.  There is no question of fact regarding this obligation or the fact that Untied Steel failed to perform.  Therefore, United Steel is liable for the damages incurred by Doggett and Doggett is entitled to summary judgment.

## 2.    The outstanding invoices for goods and services.

In addition to the damages related to the excavator, United Steel owes Doggett Fifty-Nine Thousand, Four Dollars and Twenty-Eight Cents ($59,004.28), together with interest, for various services performed and goods sold to United Steel from June 22, 2007 to July 27, 2007.  These services and goods are represented in the following invoices: C40052 (6/22/2007) for $20,395.67; C40076 (6/22/2007) for $9,148.34; C40119 (6/22/2007) for $2,483.89; C40098 (7/26/2007) for $1,070.54; C40301 (7/26/2007) for $7,374.61; C40005 (7/27/2007) for $1,698.04; C40152 (7/27/2007) for $15,491.67; and C40153 (7/27/2007) for $1,341.52, totaling

---

[12] *Id*. at paragraph 16.   The excavator has since been placed on rent with another customer.

$59,004.28.[13] Despite amicable demand, United Steel failed to make payment upon receipt of each of the above invoices, and a total of $59,004.28 remains due and owing under the terms of each invoice.

The invoice balance due to Doggett is not in dispute.   Although United Steel has generally denied the existence of the debt, it has failed to assert affirmative defenses thereto. There is no genuine question of fact as to whether the balance asserted by Doggett under the open account is due.   Attached hereto as Exhibit 1 is the affidavit of Doggett's credit manager, Amanda Nealy, containing the outstanding invoices and confirming the balance due.   There is no question of fact regarding the obligation.   Therefore, United Steel is liable for the balance due and Doggett is entitled to a summary judgment.

**C.      Doggett is entitled to recover its attorney's fees and 18% interest in this matter.**

Pursuant to the terms of the outstanding invoices, Doggett is entitled to recover its attorney's fees and 18% interest on all outstanding amounts owed.   The terms of the invoice explicitly states the following:

> TERMS: Due and payable on receipt of invoice. A MONTHLY SERVICE CHARGE OF 1 1/2% (or the highest amount permitted by applicable State Law) of the unpaid balance (18% ANNUAL PERCENTAGE RATE) will be added to all accounts unpaid by the last day of the month following the statement date and buyer will pay all costs of collection of delinquent accounts including reasonable attorneys fees.[14]

Furthermore, on August 2, 2007, Doggett sent a certified demand to United Steel. Despite receipt of the demand, United Steel failed to pay the balance due.[15] Doggett then waited more than fifteen (15) days and filed the instant action on March 17, 2008.   Pursuant to LSA-

---

[13] See Exhibit 1, Affidavit of Amanda Nealy at paragraph 6, and a copy of the invoices attached thereto as Exhibit A.

[14] *Id*. at paragraph 7.

[15] *Id*. at paragraph 12 and a copy of the demand and postal receipt attached thereto as Exhibit B.

R.S. 9:2781, Doggett is entitled to recover its attorneys fees.  Moreover, the terms of the invoice provide for reasonable attorney's fees should action be taken to collect on a delinquent account. Doggett submits that 25% of the principal and interest is a reasonable fee.  Additionally, pursuant to the terms of the invoice, Doggett is entitled to recover 18% interest per annum on all delinquent accounts.[16]

### D.     Doggett has a right of action against United Steel

United Steel asserts that Doggett has no right to bring the instant action against it because United Steel did not contract with or obtain services from Doggett.  However, as is stated above, on or about September 23, 2007, Doggett purchased all accounts receivables and inventory of Norwell Equipment Company d/b/a Nortrax Equipment Company South ("Nortrax").  Therefore, Doggett does, in fact, have the right to bring the instant cause of action against United Steel for United Steel's failure to perform its obligations.

## III.   CONCLUSION.

For the reasons set forth herein, Doggett is entitled to summary judgment against United Steel Supply, Inc., for the sum of Ninety-Eight Thousand Nine Hundred Fifty Dollars and Eighty-Five Cents ($98,950.85) for damages it sustained in the form of expenses, lost profits, delay, and storage and maintenance costs due to United Steel's failure to perform its obligation, and for the sum of  Fifty-Nine Thousand Four Dollars and Twenty-Eight Cents ($59,004.28), together with interest at the rate of 18% per annum from the date of each invoice, for United Steel's failure to pay numerous invoices for services and good provided by Doggett.  The full sum Doggett seeks to recover is One Hundred Fifty-Seven Thousand, Nine Hundred Fifty-Five

---

[16] *Id*. at paragraph 10 and a copy of the invoices attached thereto as Exhibit A.

Dollars and Thirteen Cents ($157,955.13)., together with interest at the rate of 18% from August 27, 2007 until paid, attorney's fees of 25% of all sums due, and all costs of this proceeding.

Respectfully submitted:

*/s/ M. Brent Hicks*

M. Brent Hicks, La Bar Roll 23778
Kyle A. Ferachi, La Bar Roll 27458
MCGLINCHEY STAFFORD, PLLC
14th Floor, One American Place
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
*Attorneys for W.L. Doggett, LLC d/b/a Doggett Machinery Services, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served via U.S. mail, first-class, postage pre-paid to United Steel Supply, Inc., 25201 Paseo de Alicia, Suite 118, Laguna Hills, CA 92653 and via facsimile to (949) 380-9905.

Baton Rouge, Louisiana, this 12th day of September, 2008.

*/s/ M. Brent Hicks*

M. Brent Hicks